UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROXANNE ARI,<br><br>         Plaintiff,<br><br>    v.<br><br>MONTES,<br><br>         Defendant. | Case No. 20-cv-06000-JD<br><br>**ORDER OF DISMISSAL**<br><br>Re: Dkt. Nos. 4, 10 |

Plaintiff is a state prisoner. She seeks relief regarding her underlying conviction and the conditions of her confinement. The original complaint was dismissed with leave to amend and plaintiff has filed an amended complaint.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its

face." *Id*. at 570.  The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff has submitted several amended filings in this case that relate to the conditions of her confinement and her underlying conviction.  "'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983.  Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'"  *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)).  "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983."  *Id.*

Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement.  *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *see Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'"  *Skinner*, 562 U.S. at 533-34 (quoting *Wilkinson*, 544 U.S. at 82).  In fact, a § 1983 action is the exclusive remedy for claims by state prisoners that do not "lie at the 'core of habeas corpus.'"  *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (quoting *Preiser*, 411 U.S. at 487).  A claim that meets the statutory criteria of § 1983 may be asserted unless it is within the core of habeas corpus because "its success would release the claimant from confinement or shorten its duration."  *Thornton v. Brown*, 757 F.3d 834, 841 (9th Cir. 2014) (citing *Preiser*, 411 U.S. at 500).

2

The original complaint was dismissed with leave to amend for plaintiff to continue solely with either a petition relating to her conviction or a complaint concerning the conditions of her confinement.  Plaintiff has not followed the Court's instructions.  Plaintiff again raises claims regarding forced medication at her facility in the Central District of California.  If plaintiff seeks to challenge the conditions of her confinement, she must file a civil rights complaint in the Central District of California.

Plaintiff also seeks to overturn or obtain an early release from her 1990 conviction in Contra Costa County which is in this district.  Plaintiff was informed that if she sought to challenge her conviction, she must show why a habeas petition is not untimely or successive.[1]  Plaintiff failed to address this issue.  Because plaintiff was already provided an opportunity to amend and she failed to address the deficiencies in her argument, this case is dismissed without leave to amend.

## CONCLUSION

1. Plaintiff's motions to proceed in forma pauperis (Docket Nos. 4, 10) are **GRANTED**.

2. This action is **DISMISSED** without leave to amend.  The Clerk shall close this case.  The Clerk shall send plaintiff a blank civil rights complaint.  Plaintiff should file a complaint regarding her conditions of confinement in the Central District of California.

**IT IS SO ORDERED.**

Dated: December 4, 2020

JAMES DONATO
United States District Judge

---

[1] Petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which:  (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).